IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL ACTION NO. |
| | : | 1:20-CR-246-JPB-JKL |
| DAVID LEON HENDRIX, | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT'S MOTION TO SUPPRESS PHYSICAL EVIDENCE
AND STATEMENTS AND BRIEF IN SUPPORT**

Defendant, DAVID HENDRIX ("Hendrix"), aggrieved by an unlawful detention, searches and seizures, respectfully moves this Court to suppress any object, article, thing or other evidence gained pursuant to said detention, searches and seizures by the UNITED STATES OF AMERICA ("the Government") or by any State or Government law enforcement agents ("Government agents"). Hendrix specifically moves to suppress any physical evidence seized from a residence located at 4121 McLesky Drive, Marietta, Georgia ("the Residence") pursuant to an unauthorized, illegal and warrantless search; any physical evidence seized from a personal search of Hendrix; and any statements purportedly made by Hendrix during the unlawful detention.

1.

On or about November 13, 2019, law enforcement entered and searched the Residence. Hendrix was present in the Residence at the time of said search. Hendrix was unlawfully detained while the Residence was unlawfully searched by Government agents.

2.

Physical evidence found in the Residence and in the safe of the Residence was seized by Government agents. The Government intends to use this evidence to prosecute Hendrix on the charges alleged in the indictment.

3.

The Government contends that Hendrix was in illegal possession of a firearm, ammunition and drugs located in the Residence. Hendrix has standing to challenge the admissibility of evidence obtained by this unlawful search and seizure based on "a legitimate expectation of privacy in the invaded space." *Salvucci v. United States*, 448 U.S. 83, 91-92 (1980); *Rakas v. Illinois*, 439 U.S. 128, 140 (1978).

4.

The search of the Residence was conducted without legal authority or probable cause to believe that Hendrix had committed a criminal offense justifying

such action. These searches also exceeded the scope for any justifiable concern for the safety of any Government agent. *Terry v. Ohio*, 392 U.S. 1 (1968); *United States v. Purcell,* 236 F.3d 1274, 1277 (11th Cir. 2001).

5.

Hendrix is adversely affected by the violation of his constitutional rights in that the Government may seek to introduce evidence at trial after it was seized and obtained by the unlawful search of the Residence.

6.

The Government agents had an insufficient factual basis and no probable cause to suspect that Hendrix had engaged in any criminal conduct, or that the Residence contained any contraband, prior to the stop and search. The Government agents had no adequate legal reason or legal authority to search the Residence and any previous "tip" or information that was obtained by Government agents was not indicated in any police report and was legally insufficient to justify the search. *United States v. Smith,* 799 F.2d 704, 707 (11th Cir. 1986); *McSwain v. State*, 240 Ga.App. 60, 64, 522 S.E.2d 553 (1999).

7.

Neither Hendrix nor any other authorized person consented to the search of the Residence and any document the Government relied on to enter and search the

Residence was defective and unlawfully used to enter and search the Residence. Any acts or words which might arguably be construed as such a consent were unintentional and unlawfully induced or coerced by Government agents. *United States v. Mendenhall*, 446 U.S. 544 (1980); *Bumper v. North Carolina*, 391 U.S. 543 (1968); *United States v. Elsoffer*, 671 F.2d 1294, 1298 (11th Cir. 1982).

8.

The search of the Residence was not incident to any lawful arrest. However, even if the search was incident to a lawful arrest, the search was unlawful in that it exceeded the permissible scope of a search incident to arrest. *New York v. Belton*, 453 U.S. 454 (1981); *Chimel v. California*, 395 U.S. 752, 763-68 (1969); *United States v. Lyons*, 706 F.2d 321 (D.C. Cir. 1983); *United States v. Aguiar*, 61 F.2d 1296, 1304 (5th Cir.), *cert. denied*, *Morejon-Pacheco v. United States*, 449 U.S. 827 (1980); *United States v. Cadena*, 582 F.2d 1252, 1263 n. 26 (5th Cir. 1978).

9.

Even if a member of the household had given some form of legal consent to enter or search of the Residence, the search conducted pursuant to that consent was unlawful in that it exceeded the scope of said consent. *Walter v. United States*, 447 U.S. 649 (1980); *Lo-Ji Sales, Inc. v. New York*, 442 U.S. 319 (1979); *United States v. Rackley*, 742 F.2d 1266, 1270-71 (11th Cir. 1984).

10.

The search of the Residence was unlawfully conducted without a proper search warrant and any document used in reliance by the Government to search the Residence was defective. There was no probable cause, exigent circumstances, or other legal justification under the totality of the circumstances authorizing the search without fulfilling the requirement of obtaining a proper search warrant. *United States v. Ross*, 456 U.S. 798, 808 (1982); *Carroll v. United States*, 267 U.S. 132, 161-62 (1925).

11.

The alleged factual basis for the search of the Residence was pretextual and "a subterfuge for criminal investigation." Therefore, the search was unlawful and the fruits of the search must be suppressed. *Smith*, *supra,* 799 F.2d 707-08; *United States v. Williams,* 876 F.2d 1521, 1524 n.2 (11th Cir. 1989).

12.

The Government has the burden of proving the legality of the search and seizure and, under the facts of this case, the Court should review the Government's factual contentions with great skepticism because of some missing key pieces of evidence and the massive intrusion on Hendrix' Fourth Amendment rights. *Bumper, supra*; *United States v. Bowles*, 625 F.2d 526 (5th Cir. 1980).

13.

The Government's search of the Residence was in violation of the Fourth Amendment to the Constitution of the United States of America and Article I, Section I, Paragraph XIII of the Constitution of the State of Georgia. These constitutional provisions protect and secure the people against unreasonable searches and seizures.

14.

Hendrix was illegally detained in the custody of Government agents at the time he allegedly made any such statements. Therefore, any statements were illegally obtained and are inadmissible even if they were voluntary. United States Constitution, Fourth Amendment; *Taylor v. Alabama*, 457 U.S. 687 (1982); *Dunaway v. New York*, 442 U.S. 200 (1979); *State v. Stringer*, 258 Ga. 605, 372 S.E.2d 426 (1988). See *Lanier v. South Carolina*, 474 U.S. 25 (1985).

15.

Any statements made by Hendrix at the time of his detention were coerced in violation of the Fourth and Fifth Amendments to the United States Constitution. *Spano v. New York*, 360 U.S. 315 (1959); *Escobedo v. Illinois*, 378 U.S. 478 (1964); *Miranda v. Arizona*, 384 U.S. 436 (1966).

16.

Any statement made by Hendrix to law enforcement was illegally obtained as Hendrix invoked his right to have an attorney present when said statements were made to law enforcement. *Miranda v. Arizona*, 384 U.S. 436, 475, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966); *Edwards v. Arizona*, 451 U.S. 477, 484-85, 101 S. Ct. 1880, 68 L. Ed. 2d 378 (1981); *United States v. Medunjanin*, 752 F.3d 576, 2014 WL 2054016, at *8 (2d Cir. 2014); *United States v. Oehne*, 698 F.3d 119, 122 (2d Cir. 2012).

17.

A pretrial hearing on this motion would serve the interests of the Court, Hendrix, the Government, justice and judicial economy because the Court's pretrial ruling on this motion may well facilitate a disposition of the charges against Hendrix.

18.

Hendrix also requests an opportunity to present a post-hearing brief on the merits of this motion.

**WHEREFORE** Defendant DAVID HENDRIX prays for an evidentiary hearing on this Motion and demands that the evidence obtained by virtue of the aforementioned illegal detention, search and seizure be suppressed. The United States Attorney, Government agents and any other witnesses called by the Government to testify against Hendrix in this case should be enjoined from mentioning, alluding to, identifying, or otherwise calling the attention of the jury to the existence of said evidence.

                                                     Respectfully submitted,

                                                     /s/ *Leif A. Howard*
                                                   Leif A. Howard
                                                   Attorney for Defendant HENDRIX
                                                   Georgia Bar No. 132778

THE HOWARD LAW FIRM, P.C.
Suite 200, Kyleif Center
1479 Brockett Road
Tucker, Georgia 3084
(770) 270-5080
Lhoward@howardfirm.com

# **CERTIFICATE OF SERVICE**

This is to certify that on this date I electronically filed the foregoing *Defendant Hendrix's Motion to Suppress Physical Evidence and Brief in Support* with the Clerk of Court for filing and uploading to the CM/ECF system, which will automatically send e-mail notification of such filing to each party, including the following opposing attorney of record:

Noah Schechtman, Esq.
Assistant United States Attorney
600 United States Courthouse
75 Ted Turner Drive, S.W.
Atlanta, Georgia 30303
Noah.schechtman@usdoj.gov

This 30th day of August, 2021.

/s/ *Leif A. Howard*
Leif A. Howard
Attorney for Defendant
Georgia Bar No. 132778

THE HOWARD LAW FIRM, P.C.
Suite 200, Kyleif Center
1479 Brockett Road
Tucker, Georgia 3084
(770) 270-5080
Lhoward@howardfirm.com